IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,

    Petitioner,                    No. CIV S-09-1705 GGH P

    vs.

J.W. HAVILAND,

    Respondents.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request for leave to proceed in forma pauperis. This case is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). Petitioner challenges the 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. Petitioner also requests a stay of the proceedings while he litigates a petition for a writ of habeas corpus in state court.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy,

1

455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Petitioner has not exhausted state court remedies and requests a stay while he litigates a state petition.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition.

Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. at 1535. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Unlike the petitioner in Rhines, the petitioner here has presented a completely unexhausted petition, rather than a mixed petition. Thus, the petition before this court cannot constitute a "protective" petition as discussed in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (citing Rhines, 544 U.S. at 278.) As discussed in Pace, the protective stays referred to in Rhines involved a "mixed" petition, meaning that the petition included both exhausted and unexhausted claims. The filing of the federal petition protects the petitioner's ability to, ultimately, timely seek relief on the exhausted claims and the claims yet to be exhausted in the state system. The Court in Pace discussed the merits of granting a stay to allow petitioner to return to state court to exhaust those claims that remained unexhausted rather

than denying without prejudice a petition that included exhausted claims. <u>Rhines v. Weber</u>, 544 U.S. 269, 278, 125 S.Ct. 1528, 161 L.Ed.2d 440; <u>Pace v. DiGuglielmo</u>, 544 U.S. at 416. The basis of that Court's ruling was premised on the fact that the petition was "mixed," not completely unexhausted. <u>See</u> <u>also</u> <u>Rasperry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (dismissal of a completely unexhausted petition is mandatory).

Here, the court is not presented with a "mixed" petition. Petitioner has not exhausted any claims in the petition. Accordingly, the stay and abeyance procedure is unavailable.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis is granted,

2. Petitioner's motion to stay the proceedings is denied,

3. Petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

DATED: August 4, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh: ab
bart1705.dis